RENE VALLADARES
Federal Public Defender
State Bar No. 11479
RAQUEL LAZO
411 East Bonneville Street, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577
(702) 388-6261 (FAX)

Attorney for **D'AMBROGI**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | 2:12-cr-329-GMN-GWF |
|---|---|
| Plaintiff, | **UNOPPOSED MOTION FOR NUNC PRO TUNC AMENDMENT OF JUDGMENT** |
| vs. | (Emergency Relief Requested) |
| DARREN MATTHEW D'AMBROGI, | **AND ORDER** |
| Defendant. | |

Darren Matthew D'Ambrogi moves the court to amend the judgment in this case to reflect a four (4) month sentence instead of a six (6) month sentence. He further moves the court to include a judicial recommendation that the defendant's sentence begin to run on the date of imposition and that the court recommend that he be designated for service of this sentence to the state facility. Mr. D'Ambrogi also requests that the recommendation be made effective *nunc pro tunc* to the date of sentencing (March 8, 2013). This Motion is supported by the following Points and Authorities and the pleadings and papers on file.

Dated this 2nd day of August, 2013.

Respectfully submitted:

*/s/ Raquel Lazo*

_____
RAQUEL LAZO
Assistant Federal Public Defender

1

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

A.   **Procedural History**

On September 5, 2013, D'Ambrogi was indicted in the instant case and a Writ of Habeas Corpus ad Prosequendum was issued to secure his appearance. *See* Indictment (CR #11) & Writ (CR# 17).

On September 25, 2012, D'Ambrogi was transferred from the Clark County Detention Center pursuant to the Writ. D'Ambrogi was ordered detained on the instant federal case. *See* Minute Order (#19). However, he remained in primary Nevada State custody serving a 12-month state court sentence on two misdemeanor charges. *See* PSR at ¶ 36. The projected discharge date for this state sentence was December 25, 2012. *Id*. Therefore, as a state prisoner, D'Ambrogi was not accumulating credit towards any ultimate federal sentence. Pursuant to 18 U.S.C. ¶ 3585(b), the Bureau of Prisons does not give a prisoner credit for time already being credited to a state sentence.

D'Ambrogi ultimately plead guilty to the instant federal case on October 23, 2012. A pre-sentence investigation report (PSR) issued. The PSR recognized that D'Ambrogi was in primary state custody.

Shortly before the sentencing hearing, scheduled for March 8, 2013, undersigned counsel contacted Clark County Detention Center (CCDC) and confirmed that D'Ambrogi had indeed expired his state sentence on December 25, 2012. The CCDC official also confirmed that although D'Ambrogi had other pending state cases he was not being held on any of those cases[1]. This meant that D'Ambrogi had therefore entered into primary federal custody on December 25, 2012 - the date his state sentence discharged.

Prior to D'Ambrogi's sentencing, United States Probation Officer Kelli Morgan also contacted CCDC and was provided the same information.

/ / /

/ / /

/ / /

---

[1] These pending state cases are reflected in the PSR at ¶¶ 45-47.

Relying on the information from CCDC, undersigned counsel operated under the fact that during the pendency of the instant case D'Ambrogi fell into federal custody on December 25, 2012 and was only in primary state custody for three months – from September 25, 2012 to December 25, 2012 - during the pendency of the federal case.

D'Ambrogi was sentenced federally on March 8, 2013. The recommended sentence by probation and the government was nine (9) months but defense counsel was permitted to ask for consideration for the time D'Ambrogi had spent in state custody. Thus, believing that D'Ambrogi was in federal custody as of December 25, 2012, defense counsel requested the court to only vary downward three (3) months (from September 25, 2012 to December 25, 2012).

This court granted D'Ambrogi's variance request and sentenced him to six (6) months custody varying downward for credit for lost opportunity to serve the instant case concurrently to the state sentence. Thus, undersigned counsel anticipated that D'Ambrogi's sentence would expire on or about June 25, 2013 (counting six (6) months from December 25, 2012) and advised him as such.

On July 25, 2013, undersigned counsel learned from United States Marshal Steve Carpenter that the BOP had actually calculated D'Ambrogi's sentence as expiring on November 21, 2013. According to BOP, Mr. D'Ambrogi fell into federal custody on May 21, 2013 (not December 25, 2012). BOP claims that even though D'Ambrogi discharged his state sentence on December 25, 2012, he remained in state custody thereafter because he was also being held on his other pending state cases. On May 21, 2013, D'Ambrogi was released on the pending state cases. Hence, according to BOP, this is the date D'Ambrogi fell into federal custody and the six (6) month sentence began to run.

That D'Ambrogi was being held on any other state case beyond the state case that discharged on December 25, 2013 is contrary to what undersigned and Probation had been told all along.

Relying on booking information provided by the CCDC, undersigned counsel erroneously advised D'Ambrogi that he was in primary federal custody at the time of his federal sentencing hearing on March 8, 2013. Undersigned counsel's sentencing request for a variance of three (3) months was based upon this information. Had she known that her client was still in primary state custody on the date of sentencing, she would have instead asked for a variance of five (5) months

3

(approximate credit from September 25, 2012 [initial appearance date] to March 8, 2013 [sentencing date]).[2]  In order to ensure that the federal time began running immediately, undersigned counsel would have additionally asked that the Judgment reflect that the sentence commence on the date of imposition and that D'Ambrogi be designated for service of this sentence to the state facility. Operating on what appears to have been erroneous information, this did not happen.

Moreover, the intent of the parties was that defense counsel would request this court to consider all of the state credit. The parties certainly never anticipated that D'Ambrogi would end up serving a sentence of what will amount to 14 months[3] if not amended. The parties structured their negotiations (and arranged for D'Ambrogi to be brought over on the writ) so as to avoid unduly increasing his punishment by the fortuity and timing of the separate prosecutions and sentencings. Undersigned counsel has explained the situation to government counsel. After having reviewed the instant motion, the government has no opposition.

Accordingly, D'Ambrogi requests that the Judgment be amended to reflect a four (4) month sentence versus the previously imposed six (6) month sentence. This reflects a downward departure of two (2) months (in addition to the previously granted three (3) month variance) in order to account for the period of imprisonment which will only be credited towards the pending state cases (from December 25, 2012 to March 8, 2013). D'Ambrogi further requests that the following language be included in an Amended Judgment:

> "The court recommends that the sentence commence on the date of imposition of the sentence and that this order shall be effective *nunc pro tunc* to March 8, 2013. This court further recommends that the Defendant be designated for service of this sentence to the state facility."

///
///
///

---

[2] Technically, the request would have been structured as a 3-month variance for credit for defendant's lost opportunity to run the time concurrent to a discharged state sentence and a 2-month downward departure pursuant to U.S.S.G. § 5G1.3(c) for the undischarged portion.

[3] Counting from his initial appearance on September 25, 2012 to BOP's projected release date of November 21, 2013.

In addition to capturing the parties intent, the requested relief will result in a sentence that ensures a reasonable incremental punishment for the instant offense of conviction.

DATED this 2nd day of August, 2013.

Respectfully submitted:

/s/ Raquel Lazo

_____
RAQUEL LAZO
Assistant Federal Public Defender

## **ORDER**

**IT IS SO ORDERED** this 7th day of August, 2013.

_____
Gloria M. Navarro
United States District Judge